UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KATHERINE HERKENHOFF, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV1974 SNLJ |
| | ) | |
| SUPERVALU STORES, INC. d/b/a | ) | |
| SHOP 'N SAVE and SUPERVALU | ) | |
| PHARMACIES, INC. d/b/a SHOP 'N | ) | |
| SAVE PHARMACIES | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

This matter is before the Court on the plaintiff's Motion for Reconsideration (#12). On December 16, 2013, this Court granted the defendants' Motions to Dismiss (#3, #4), which argued that plaintiff's case should be dismissed for failure to furnish an affidavit by a healthcare provider certifying the merit of her case. *See* § 538.225 RSMo. Defendants' Motions to Dismiss had been filed on October 3, 2013, and plaintiff had not responded to the motions in any way. The plaintiff's state court petition was filed on July 19, 2013. Section 523.225 provides that the plaintiff must file an affidavit in support of her case within 90 days of filing the petition unless the Court allows an extension. Notably, plaintiff never sought an extension. Plaintiff now states that she had been in the process of selecting an affiant to furnish the § 523.225 affidavit and had discussed her plans to amend her complaint with defense counsel. Plaintiff further states that she has selected an affiant and that she sent the affiant's C.V. to defense counsel on December 17, 2013 (one day after this Court dismissed this matter without prejudice). Plaintiff finally states

that she received her affiant's expert report on December 20, 2013 and that the affidavit is ready for submission.

Defendants have not responded to plaintiff's motion for reconsideration, so it is unclear to the Court whether they oppose plaintiff's motion. Where, as here, jurisdiction is based on diversity of citizenship, this Court must apply state substantive law and federal procedural law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938). This Court has previously indicated that it would treat the mandatory dismissal provision of § 538.225 as procedural and permitted a plaintiff's late filing of the required affidavit. *Estate of Beelek v. Farmington Missouri Hosp. Co., LLC*, 4:10CV2068 CDP, 2011 WL 4008018, *5 (E.D. Mo. Sept. 8, 2011). Although plaintiff fails to explain why she failed to seek an extension, or to even respond to the motions, it appears that no party will be prejudiced by allowing plaintiff to proceed as she requests. Plaintiff will be granted a short time in which to file her amended pleading. Plaintiff is advised that her amended pleadings should fully address the matters raised in both defendants' motions to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Reconsideration is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Dismissal without Prejudice (#11) is **VACATED**.

**IT IS FINALLY ORDERED** that plaintiff shall file amended pleadings no later than January 29, 2014.

Dated this  15th  day of January, 2014.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE