UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE HERKENHOFF, ) ) Plaintiff, ) ) v. ) ) SUPERVALU STORES, INC. d/b/a ) SHOP 'N SAVE , et al. ) ) Defendants. ) | Case No. 4:13CV1974 SNLJ |

## MEMORANDUM AND ORDER

On June 16, 2014, this Court ordered the parties to address this Court's subject matter jurisdiction in light of the addition of new defendants to the complaint. Plaintiff responded with a motion to remand (#40) and a motion to file her third amended complaint (#41). Defendants responded with oppositions to the plaintiff's two motions and five motions to dismiss (one for each defendant) (#s 47, 49, 51, 53, 54). In addition, defendants have filed a motion for sanctions (#59). Because all the pending motions preceding the motion to remand pertain to earlier versions of the complaint, the earlier motions (#s 16, 17, 18, 24, 25, 26, 35, 36) will be denied as moot.

Plaintiff has not filed reply memorandums in support of its motion to remand and motion for leave. Nor has plaintiff filed responses to the pending motions to dismiss or motion for sanctions. The time for doing so has passed, however, so the Court will proceed on the current record.

-1-

## I. Factual Background and Procedural History

According to the complaint, plaintiff is a Missouri citizen who, on April 4, 2012, presented a written prescription for Lamotrigine 200mg pills to the defendant Supervalue Stores, Inc. (d/b/a Shop 'n Save Pharmacy) in Florrisant, Missouri.  Defendant pharmacist Fred Tichy signed off on the prescription and provided plaintiff with a prescription bottle labeled Labetalol HCL 200 mg pills.  Plaintiff ingested the pills and, on April 15 and 29, 2012, plaintiff experienced dizziness and fainted.  Plaintiff fell to the ground both times as a result.

On May 1, 2012, plaintiff visited her family doctor complaining of severe back pain.  On May 2, 2012, plaintiff received a refill prescription from the same Shop 'n Save Pharmacy. Defendant pharmacist Lindsay Reel signed off on a refill, and the prescription bottle contained Labetalol HCL 200mg pills.  Plaintiff again experienced dizziness and fainted, falling to the ground a third time, on May 15, 2012

Plaintiff called Shop 'n Save Pharmacy to refill her prescription on May 29, 2012. Defendant pharmacist Lindsay Reel informed plaintiff that they had made a mistake in filling her prescription, and defendant Reel told plaintiff to stop taking the Labetalol medication.

Plaintiff continued to experience back pain. On or about June 14, 2012, Plaintiff went to the emergency room at DePaul Hospital. Plaintiff was diagnosed with a fracture of her tailbone.

Plaintiff filed this lawsuit in the Circuit Court of St. Louis City on July 19, 2103, naming as defendants Supervalue Stores, Inc. and Shop 'n Save Pharmacies, Inc.. Supervalue Stores does business as "Shop 'n Save" and is a citizen of Minnesota and Delaware. Supervalu Pharmacies, Inc. does business as "Shop 'n Save Pharmacies" and is a citizen of Minnesota. Defendants (then Supervalue Stores and Supervalue Pharmacies) removed to this Court citing diversity jurisdiction under 28 U.S.C. § 1332. The parties had complete diversity of citizenship because plaintiff is a citizen of Missouri and defendants are citizens of Minnesota and Delaware. And the $75,000 amount in controversy requirement was met because plaintiff sought at least $50,000 plus attorneys' fees and punitive damages in her complaint; defendants also noted that she had demanded $100,000 to settle the case.

Plaintiff filed a Second Amended Complaint on May 15, 2014. The amended complaint included as defendants Shop 'n Save Warehouse Foods, Inc., Fred Tichy, and Lindsay Reel. Each of the new defendants is a citizen of Missouri.

## II.  Motion to Remand (#40)

Federal courts are courts of limited jurisdiction. Diversity jurisdiction, relied upon here by defendants, requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). In light of this Court's June 16, 2014 Order (#34), the plaintiff moved to remand her case back to the Circuit Court for the City of St. Louis. Plaintiff contends that this Court lacks diversity subject matter jurisdiction because (1) three of the defendants are Missouri citizens and thus

share citizenship with plaintiff, and (2) plaintiff seeks damages of well under the $75,000 amount-in-controversy requirement.

### A. Amount in Controversy

With respect to the amount in controversy, defendants contend that plaintiff may not now attempt to deprive this Court of jurisdiction by amending her pleadings. Indeed, it has long been the case that the amount in controversy is determined at the time of removal, and events occurring afterwards to reduce the amount recoverable do not oust jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938). A plaintiff may not simply amend her pleading to seek damages below the statutory threshold in order to secure remand. *See, e.g.*, *Johnson v. Texas Roadhouse Holdings, LLC*, No. 4:10cv36 CDP, 2010 WL 4177655, *2 (E.D. Mo. Oct. 20, 2010). Here, plaintiff originally pleaded damages of $50,000 for each of her two counts, and she also requested punitive damages and attorneys' fees, easily meeting the statutory threshold. Plaintiff also had demanded $100,000 to settle the matter. (*See* #1 at ¶ 7.) Thus, the amount of controversy requirement has been met, and plaintiff's attempts to limit her recovery now do not defeat this Court's subject matter jurisdiction.

### B. Diversity of Citizenship

Although three of the named defendants are citizens of Missouri, defendants contend that this Court should retain jurisdiction because the three non-diverse defendants have been fraudulently joined. Under the fraudulent-joinder exception, a plaintiff cannot defeat a defendant's right of removal by joining a defendant who has "no real connection

with the controversy." *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013). "If a plaintiff has no legally viable claim against a putative defendant, that party has no real connection with the controversy." *Id.* That is, where "applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent.... However, if there is a 'colorable' cause of action — that is, if the state law might impose liability on the resident defendant under the facts alleged — then there is no fraudulent joinder." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

As an initial matter, the Court notes that to determine whether a resident has been fraudulently joined to defeat diversity, a Court may look to materials in the record, including affidavits, to determine whether they establish facts supporting claims against the defendant. 13F Charles Alan Wright, Arthur Miller, & Edward Cooper, *Federal Practice and Procedure* § 3641.1 (3d ed.2009); *Dumas v. Patel*, 317 F. Supp. 2d 1111, 1114 (W.D. Mo. 2004); *Reeb v. Wal–Mart Stores, Inc.*, 902 F. Supp. 185, 187–88 (E.D. Mo. 1995); *see also Wilkinson v. Shackelford*, 478 F.3d 957, 964 (8th Cir. 2007) (noting that relevant inquiry for fraudulent joinder is whether plaintiff might have claim under state law against defendant, not content of pleadings themselves); *Bresee v. Wal-Mart Stores E., L.P.*, 1:12-CV-160 SNLJ, 2013 WL 136457, *1 (E.D. Mo. Jan. 10, 2013).

1. **Shop 'n Save Warehouse Foods**

First, with respect to Shop 'n Save Warehouse Foods, Inc., the defendants state that plaintiff has not adequately connected Shop 'n Save Warehouse Foods to her claim. Shop 'n Save Warehouse Foods is alleged to be "doing business...under the name Shop 'n

Save Pharmacies" early in the complaint (#30 at ¶ 4), but, later, in the heading for Count V, plaintiff does not include a "doing business as" designation for Shop 'n Save Warehouse Foods. Plaintiff does allege that each of the other two corporate defendants (Supervalu and Supervalu Pharmacies) "[does] business...under the name Shop 'n Shop Pharmacies." (#30 at ¶¶ 2, 3, and in heading for Count V.) In fact, according to an affidavit supplied by defendants, the pharmacy where the malpractice is alleged to have taken place was operated by Supervalu Pharmacies. The pharmacists who filled plaintiff's prescriptions were employed by Supervalu Pharmacies. Moreover, Shop 'n Save Warehouse Foods does not have a license to provide medications or distribute as a pharmacy. To state a claim for malpractice, plaintiff must show, among other things, "an act or omission by the defendant that failed to meet the requisite medical standard of care." *Williams v. Daus*, 114 S.W.3d 351, 359 (Mo. App. S. D. 2003) (quoting *Wuerz v. Huffaker*, 42 S.W.3d 652, 655-56 (Mo. App. E.D. 2001). Here, plaintiff alleges that "defendants, through its employees and agents," caused the damages she suffered. (*E.g.*, #30 at ¶¶ 24, 26, 29.) But Shop 'n Save Warehouse Foods is not alleged to have made any such act or omission, and in fact, Shop 'n Save Warehouse Foods did not employ the pharmacists who filled plaintiff's prescription. There is no reasonable basis in fact or law supporting a claim against Shop 'n Save Warehouse Foods, and it appears to have been added solely to defeat federal jurisdiction. It will therefore be dismissed.

### 2. Pharmacists

Defendants contend that plaintiff has no colorable claim against the two pharmacists because the statute of limitation has run. The statute of limitations for medical malpractice is two years from the date of the negligent act. RSMo § 516.105. Defendant Tichy filled plaintiff's prescription on April 4, 2012. Defendant Reel refilled the prescription on May 2, 2012. Plaintiff did not file suit against Tichy and Reel until May 16, 2014 — more than two years after either negligent act. Notably, plaintiff does not respond to the defendants' argument that she lacks a colorable claim in any way.[1] Although this Court recently rejected a statute of limitations argument in another case in which fraudulent joinder was alleged, it is apparent from the face of the complaint itself that the two-year statute of limitations bars plaintiff's claim. *Cf. McGee v. Fresenius Med. Care N. Am., Inc.*, 4:14-CV-967 SNLJ, 2014 WL 2993755, *4 (E.D. Mo. July 3, 2014) (observing that state law might impose liability even in light of the statute of limitations arguments). Plaintiff thus has no colorable claim against the two pharmacists, and they will be dismissed as having been fraudulently joined. *See Shepherd v. Baptist Health*, 916 F. Supp. 2d 891, 897 (E.D. Ark. 2012).

### III. Motions to Dismiss

The Court need not address the motions to dismiss filed by the three nondiverse parties (#s 47, 53, 55), as the dismissal of those parties was determined above. The Court

---

[1] Plaintiff's joinder of the two pharmacists is particularly suspicious in light of her late amendment — plaintiff learned the identity of the two pharmacists on November 26, 2013, nearly six month before joining them as parties.

will grant leave to file the Third Amended Complaint; however, the Court will contemporaneously dismiss the three nondiverse defendants. The remaining defendants may, if they choose, file new Motions to Dismiss. However, as discussed below, the defendants may advise the Court that they wish to apply the arguments made in the pending Motions to Dismiss (#49, #51) to the Third Amended Complaint. The plaintiff will be permitted time to file responsive memoranda to those and to the pending Motion for Sanctions (#59).

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss Count I of the First Amended Complaint (#16), Motion for More Definite Statement and Motion to Strike (#17), Motion to Dismiss (#18), Motions to Strike (#24, #25), Motions for Leave to File Responses Out of Time (#26), Motions to Dismiss (#35, #36) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the plaintiff's Motion to Remand (#40) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File Third Amended Complaint (#41) is **GRANTED**, but

**IT IS FURTHER ORDERED** that defendants Shop 'n Save Warehouse Foods, Inc., Fred Tichy, and Lindsay Reel are **DISMISSED** as having been fraudulently joined.

**IT IS FINALLY ORDERED** that defendants shall have seven days from the date of this order either to file new Motions to Dismiss in light of the Third Amended Complaint, or to advise the Court and plaintiff that they wish to stand on the arguments

made in the Motions to Dismiss (#49, #51) as they apply to the Third Amended Complaint. The plaintiff shall have seven days thereafter in which to file memoranda responding to the Motions to Dismiss and Motion for Sanctions. Defendant shall have seven days thereafter to file any reply memoranda.

Dated this  8th  day of August, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE